UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SAM BURCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CV-40-TAV-HBG |
| | ) | |
| BOBBY BROOKS, | ) | |
| TAMMY RAGAN, | ) | |
| RUSTY LOZA, | ) | |
| SERGEANT ANN, | ) | |
| SERGEANT STERGIL, | ) | |
| SERGEANT WAMSHERE, | ) | |
| SERGEANT PETTY, | ) | |
| LIEUTENANT JOSH, | ) | |
| LIEUTENANT BERRY, | ) | |
| LIEUTENANT SUTTLES, and | ) | |
| CAPTAIN JANET, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and related motion for leave to proceed *in forma pauperis* [Doc. 2].

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* and the certification of Plaintiff's inmate account [Docs. 1 and 5] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] is **GRANTED**.

Because Plaintiff is an inmate at the Claiborne County Jail, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED**

to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. PLAINTIFF'S COMPLAINT

In the instant complaint, Plaintiff alleges that he has repeatedly blacked out at the Claiborne County Jail ("the Jail"), hitting his face and head and sustaining a nasal fracture in the process [Doc. 1 p. 2-4]. He alleges that he was denied medical treatment from December 29, 2020 through January 23, 2021, and that Defendants are now "doing it

again" [*Id.* at 4]. Plaintiff maintains that Defendants are trying to pass his nasal fracture off as an old injury rather than treating it [*Id.*]. He also alleges, however, that some Defendants got him "help" on various occasions [*Id.*].

Plaintiff also contends that he has been improperly placed in general population, and that Defendants told him they would help him get medical care if he would turn himself in [*Id.* at 3-4]. As a result, he maintains, he "got remanded" without medical attention [*Id.* at 4].

### III. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

The Court finds that the allegations of Plaintiff's complaint are not sufficient to suggest that any named Defendant violated Plaintiff's constitutional rights. In the instant complaint, Plaintiff alleges that certain Defendants "found him" after he blacked out, and that others said they would get him help or "got [him] help one time" [*See, e.g.*, Doc. 1

3

p. 3-4]. These sparse allegations may, if fleshed out, state a constitutional claim, such as a claim for the denial of adequate medical care. As presented, however, Plaintiff's complaint is insufficient to state a constitutional violation, or to link any particular Defendant to any wrongdoing. *See, e.g., See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Additionally, though the complaint refers to Plaintiff turning himself in and being "remanded," he has failed to provide any facts or circumstances would put these allegations in any relevant context.

Accordingly, within twenty-one (21) days of entry of this Memorandum and Order, Plaintiff is **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated, and the specific responsible party. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff should inform the Court exactly what each named Defendant did to allegedly violate Plaintiff's rights. Plaintiff should avoid making legal arguments in his amended complaint, but rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when, why – of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint.

4

Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE