UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SAM BURCHFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No.:   3:21-CV-40-TAV-HBG |
| | ) |
| BOBBY BROOKS, | ) |
| TAMMY RAGAN, | ) |
| RUSTY LOZA, | ) |
| SERGEANT ANN, | ) |
| SERGEANT STERGIL, | ) |
| SERGEANT WAMSHERE, | ) |
| SERGEANT PETTY, | ) |
| LIEUTENANT JOSH, | ) |
| LIEUTENANT BERRY, | ) |
| LIEUTENANT SUTTLES, | ) |
| CAPTAIN JANET, | ) |
| SOUTHERN MEDICAL, | ) |
| MEDICAL STAFF, and | ) |
| MISS ASHLEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This pro se prisoner's amended complaint for violation of 42 U.S.C. § 1983 is before

the Court for screening in accordance with the Prison Litigation Reform Act ("PLRA")

[Doc. 7].

I.    **RELEVANT BACKGROUND**

In his initial complaint, Plaintiff alleged that he sustained a nasal fracture after he

blacked out and fell down at the Claiborne County Jail ("the Jail") [Doc. 1 p. 2-4].  He

asserted that he was denied medical treatment, and that the Defendants claimed that his nasal fracture was an old injury [*Id*.].

When the Court conducted its PLRA screening of the complaint, it found Plaintiff's allegations too incomplete to state a constitutional claim against any named Defendant but ordered Plaintiff to file an amended complaint specifically and plainly setting forth the facts supporting a constitutional violation [Doc. 6 p. 4]. As relevant here, the Court ordered:

> Plaintiff should inform the Court exactly what each named Defendant did to allegedly violate Plaintiff's rights. Plaintiff should avoid making legal arguments in his amended complaint, but rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when, why – of his claims.

[*Id*. at 4-5]. Thereafter, Plaintiff filed an amended complaint on April 9, 2021 [Doc. 7].

## II.   ALLEGATIONS OF AMENDED COMPLAINT

Plaintiff first contends that many of the individuals he identified in his original complaint are actually witnesses who can support his claim that he was denied adequate medical treatment at the Jail [*Id*. at 4, 5]. He claims that while he was in a holding cell at the Jail, he asked nursing staff to be "checked out," but that the nursing staff alleged that Plaintiff's injuries were not recent and refused to see him for over twenty-four days [*Id*. at 5]. Plaintiff claims he asked to see the nurse on multiple occasions from January 1, 2021 through February 14, 20201, and that he filed written medical grievances at least twice in February with no response [*Id*.]. Plaintiff contends that "all Southern Medical

2

staff refused to treat [him]," including Southern Medical, Rusty Loza, Miss Ashley, and two other individuals who refused to give Plaintiff their names [*Id*. at 5].

## III.    SCREENING

### A.    Screening Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section

3

1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## B. Witnesses

The Court observes that Plaintiff states that only Southern Medical, the Southern Medical Staff, Rusty Loza, and Miss Ashley are intended as Defendants in this action, and that the remainder of the named individuals are witnesses [*See, e.g.*, Doc. 7 p. 5]. Accordingly, Defendants Bobby Brooks, Tammy Ragan, Sergeant Ann, Sergeant Stergil, Sergeant Wamshere, Sergeant Petty, Lieutenant Josh, Lieutenant Berry, Lieutenant Suttles, and Captain Janet are entitled to be dismissed as Defendants.

## C. Alleged Denial of Medical Care

Plaintiff's complaint is that Defendants failed to treat him for a nasal fracture [*See* Doc. 1 and Doc. 7]. In considering this claim, the Court notes that a prisoner's constitutional right to medical treatment does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, it is only the denial of constitutionally adequate medical care that violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (holding Eighth Amendment proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain").

An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the

4

plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, Plaintiff claims that he had a fractured nose that Defendants failed to treat. The Court assumes that to be true. However, he does not provide any additional specificity. For instance, Plaintiff does not describe any individual Defendant's overt action or inaction in failing to provide him treatment, nor has he described how he has been harmed as a result. In failing to sufficient factual support for his allegations, Plaintiff has failed to state a constitutional claim against any Defendant. *See Iqbal*, 556 U.S. at 678 (noting plausible claim is one "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Even so, the Court notes that to the extent Plaintiff seeks to impose liability on Rusty Loza, Miss Ashley, or the Southern Medical Staff on the basis of his or her official position, Plaintiff "seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). That is, Plaintiff's claims against any member of the nursing staff in his or her official capacity are the equivalent to claims against Southern Medical.

5

However, Southern Medical cannot be subject to § 1983 liability merely because it has employed someone who violated Plaintiff's constitutional rights; it "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, to demonstrate that Southern Medical bears any liability, Plaintiff must identify a policy or custom of the entity and show that his particular injury was incurred due to the execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and quotation marks omitted); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights).

Here, Plaintiff does not allege, nor do the facts of his amended complaint allow the Court to infer, that any custom or policy of Southern Medical led to the alleged deprivation of medical care in this case. Accordingly, Plaintiff's claims against Southern Medical, Rusty Loza, Miss Ashley, and the medical staff in their official capacities must be dismissed.

Out of an abundance of caution, the Court otherwise notes that many courts "have specifically considered and rejected the claim that a broken nose constitutes a serious medical condition." *Villalobos v. W. Reg'l Jail,* No. 3:18-01385, 2019 WL 2574202, at *7 (S.D.W. Va. May 24, 2019) (collecting cases), *report and recommendation adopted sub nom. Villalobos v. W. Reg'l Jail*, No. CV 3:18-1385, 2019 WL 2579153 (S.D.W. Va. June 21, 2019); *Webb v. Langley*, No. 3:06-CV-018-JTC, 2007 WL 9735736, at *5 (N.D.

6

Ga. Aug. 8, 2007), *aff'd sub nom. Webb v. Langly*, 267 F. App'x 910 (11th Cir. 2008) (finding "a broken nose, standing alone, is not a serious medical need"). Plaintiff does not allege that he was harmed as a result of the twenty-four-day denial of treatment, nor does he allege that he suffered some concomitant condition, such as difficulty breathing, during the time he was denied care. Accordingly, the Court finds that Plaintiff has failed to establish that he had a sufficiently serious medical need that went untreated, and his complaint must be dismissed for failure to state a cognizable § 1983 claim.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7